## CHARLES N. BURCH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 7164.    Decided July 30, 1926.

*Held,* that a loss due to the destruction of a pleasure automobile by collision is not such "other casualty" as is deductible from gross income under the Revenue Act of 1921, section 214 (a) (6), as amended.

*Clinton H. McKay, Esq.,* for the petitioner.
*J. K. Moyer, Esq.,* for the respondent.

Before ARUNDELL and LANSDON.

This is a proceeding for the redetermination of a deficiency in income tax for the calendar year 1923 in the amount of $75.56, which arose when the Commissioner disallowed a deduction for the loss

due to the destruction of the taxpayer's pleasure automobile in a collision. The case was submitted on stipulation.

### FINDINGS OF FACT.

The taxpayer purchased an automobile on April 20, 1923, for $975.00. On September 12, 1923, it was totally destroyed by being driven into the supports of a railroad bridge on a public highway. The loss was not covered by insurance, the car was used entirely for pleasure, and the fair market value of the automobile on the date of its destruction was $775, which was the amount claimed as a deduction by the taxpayer.

### OPINION.

MURDOCK: The question in this case has already been settled by the decisions of this Board. *Appeal of Clinton Graham*, 1 B. T. A. 775; *Appeal of Fred J. Hughes*, 1 B. T. A. 944; and *Appeal of L. Oransky*, 1 B. T. A. 1239. In those cases it was held that the rule of *ejusdem generis* must be applied to sections of the Revenue Acts identical in wording with the section of the Act of 1921 under which the taxpayer claims this deduction.

A loss due to the destruction of a pleasure automobile by collision is not such " other casualty " as is deductible from gross income under the Revenue Act of 1921, section 214(a) (6), as amended.

*Judgment for the Commissioner.*